# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FREDDIE WILLIAMS,

               **Plaintiff,**

       **v.**                                  **CASE NO. 19-3002-SAC**

KAYLA ROEHLER,

               **Defendant.**

## ORDER OF DISMISSAL

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee held at the Wyandotte County Jail, proceeds pro se and in forma pauperis.

### Factual background

Plaintiff names an assistant district attorney as the sole defendant in this action. He claims he is being held on false charges and complains the defendant made false statements in court to obstruct justice and force him to enter a guilty plea. He asserts claims of obstruction, perjury, and prosecutorial misconduct.

Plaintiff seeks the dismissal of his criminal case, monetary damages, and immediate release.

### Screening standard

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Analysis**

The Court has examined the complaint and finds this matter is subject to dismissal. First, the defendant prosecutor is entitled to absolute immunity from damages arising from her action as an advocate for the State. *Imbler v. Pachtman*, 424 U.S. 409, 430-32 (1976). "The 'public trust of the prosecutor's office would suffer' were the prosecutor to have in mind his 'own potential' damages 'liability' when making prosecutorial decisions – as he might well were he subject to § 1983 lability." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009)(quoting *Imbler*, 424 U.S. at 424).

In considering whether a prosecutor's actions are shielded by this immunity, the Court must consider whether the conduct in question is "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430-31. Here, the conduct challenged by plaintiff concerns the prosecutor's statements and argument to the state district court. Because these actions are integral to the judicial phase of the plaintiff's criminal case, they are within the sphere of conduct protected by prosecutorial immunity, and the plaintiff's claims against the defendant must be dismissed.

Although plaintiff's claims under § 1983 against the named defendant fails due to the prosecutorial immunity described, to the extent he seeks the dismissal of his criminal case, his federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

However, while a prisoner who challenges his detention may proceed pretrial under 28 U.S.C. § 2241, "[a] habeas petitioner is generally required to exhaust state remedies" before proceeding under that provision. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Because plaintiff does not suggest that he has presented his claims in the state courts, this matter, even if construed as a petition for habeas corpus, would be subject to dismissal.

### Conclusion

For the reasons set forth, the Court dismisses this § 1983 action against defendant Roehler for failure to state a claim for relief due to her prosecutorial immunity.

This dismissal is without prejudice to plaintiff's pursuit of relief in habeas corpus upon exhaustion of state court remedies.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

**IT IS SO ORDERED.**

DATED:  This 10th day of January, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge